UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA,<br>Plaintiff,<br>v.<br>CALIFORNIA STATE SUPREME COURT,<br>Defendant. | No. 2:26-cv-02557 DAD CKD (PS)<br><br>ORDER & FINDINGS AND RECOMMENDATIONS DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF No. 2.) This proceeding was referred to the undersigned magistrate judge by Local Rule 302(c).

The court finds that it lacks federal subject matter jurisdiction over the action. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting the federal court's independent duty to ensure it has subject matter jurisdiction in the case). Accordingly, the court recommends that the action be dismissed without prejudice, and that plaintiff's application to proceed in forma pauperis in this court be denied as moot.

**I. Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it

appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Greencare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

## II. Analysis

The sole defendant in this action is the California Supreme Court, which plaintiff purports to sue under 42 U.S.C. § 1983 for "ADA violations," "hate crimes," and "civil rights violations" because it "refused to take my complaints against the state bar." (ECF No. 1 at 5.)

To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[ ] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause

others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743–744 (9th. Cir. 1978). There must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dept. of Soc. Services, 436 U.S. 658, 691–92, (1978). Plaintiff's brief and conclusory allegations do not state a federal claim under this standard.

Moreover, the California Supreme Court is immune from suit under the doctrine of sovereign immunity. The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an "arm of the state," its instrumentalities, or its agencies. Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995), citing Durning v. Citibank, N.A., 950 F.2d 1419, 1422–23 (9th Cir. 1991). The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). As the State of California has not consented to suit, claims against a state court cannot go forward.

Insofar as plaintiff's complaint involves an adverse court ruling, it is also barred by the doctrine of judicial immunity. "Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted). See Olson v. Idaho State Board of Medicine, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute immunity for actions taken within their jurisdiction).

The court does not have federal question jurisdiction over this action because plaintiff does not assert a federal claim against defendant. In the absence of a basis for federal jurisdiction, plaintiff's claims cannot proceed in this venue. See McDaniel v. Hinch, No. 2:17-cv-02448 KJM CKD (E.D. Cal.), Order dated July 11, 2018 ("[W]ith no stated claim triggering either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for lack of jurisdiction. Fed. R. Civ. P 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).").

////

////

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT;
2. The action be DISMISSED for lack of subject matter jurisdiction; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**ORDER**

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

Dated: August 19, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/garc2557.ifp-nojuris_f&rs